UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLORIAN WILMUNC and LANA
WILMUNC,

    Plaintiffs,

v.                                       Case No.:

FAMILY DOLLAR STORES
OF FLORIDA, LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

Please take notice that in accordance with 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC, by and through the undersigned counsel, hereby removes to this Court the following action, currently pending in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida: *Florian Wimunc and Lana Wimunc v. Family Dollar Stores of Florida, LLC*, Case No. 20-CA-001619. As grounds for removal of this action, Defendant states as follows:

1.    On July 17, 2020, Plaintiffs filed a Complaint and Demand for Jury Trial against Defendant in the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida. Service of the original Complaint was performed on August 24, 2020. In accordance with 28 U.S.C. § 1446(a), a copy of the entire state court file is attached hereto as **Exhibit A**.

2.    The above-styled action arises from an alleged incident that occurred on March 1, 2019 in Pasco County, Florida. Specifically, Plaintiff Florian Wimunc alleges that he tripped over a parking stop and fell on the premises of the Family Dollar Store located at

1103 Alt. U.S. Hwy. 19 in Holiday, Florida. Plaintiff Florian Wimunc is now suing Family Dollar for negligence, claiming that he "suffered bodily injury and resulting pain and suffering, impairment, disability, inconvenience, aggravation of a physical disease or defect, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing case [sic.] and treatment, loss of earnings, loss of ability to earn money," and adding that these injuries "are permanent," so that Plaintiff Florian Wimunc "will continue to suffer the losses in the future." [Comp. ¶ 15]. Plaintiff Lana Wimunc brings a derivative claim for loss of consortium, claiming that she "has suffered the loss of protection, affections, temporary and permanent loss of services, support, comfort, consortium, companionship and society of her husband, Florian Wimunc, to whom she was duly married at the time, date, and place of the incident in question." [Comp. ¶ 18].

3. This Court has original jurisdiction over the above-styled action under 28 U.S.C. 1441(a).

4. Removal of the above-styled action is proper under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

5. Plaintiffs served Defendant with their Complaint on August 24, 2020.

6. Since fewer than thirty (30) days have passed since this date of service, this Notice of Removal is timely filed under 28 U.S.C. 1446(b).

7. In accordance with 28 U.S.C. § 1446(d), Defendant served Plaintiffs with a Notice of Filing of Notice of Removal, filed contemporaneously in the Circuit Court for

Pasco County, Case No. 20-CA-001619. A copy of this Notice of Filing is attached hereto as **Exhibit B**.

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

8. In order to determine diversity jurisdiction, this Court must examine the "totality of the evidence." *Jones v. Law Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

9. Plaintiff Florian Wimunc is a resident of Florida [Comp. ¶ 2].

10. Plaintiff Lana Wimunc is a resident of Florida [Comp. ¶ 3].

11. "There is a presumption that the state in which a person resides is also that person's domicile for purposes of diversity jurisdiction." *Jones*, 141 F. Supp. 2d at 1355 (M.D. Fla. 2001). Furthermore, a party's domicile determines the party's citizenship for the purpose of establishing diversity jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

12. Plaintiffs allege that on March 1, 2019, Defendant operated, had possession of, and controlled the premises of the Family Dollar store located at 1103 Alt. Hwy. 19 in Holiday, Florida. [Comp. ¶¶ 6-7].

13. Family Dollar Stores of Florida, LLC is a Virginia Limited Liability Company headquartered in Chesapeake, Virginia. A copy of the current registration page for this entity with the Florida Secretary of State is attached hereto as **Exhibit C**.

14. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

15. Family Dollar Stores of Florida, LLC only has one member, Family Dollar Stores, Inc. A copy of the Written Consent demonstrating this membership is attached hereto as **Exhibit D**.

16. Under 28 U.S.C. § 1332 (c)(1), a corporation is a citizen of the state in which it is incorporated. It is also a citizen of the state in which its principal place of business is located.

17. Family Dollar Stores, Inc. is a Delaware corporation whose principal place of business is in Virginia. Consequently, for purposes of diversity jurisdiction, Family Dollar Stores, Inc. is a citizen of the States of Delaware and of Virginia. A copy of the proof of incorporation for Family Dollar Stores, Inc. is attached hereto as **Exhibit E**.

18. Since Plaintiffs are citizens of Florida, and the Defendant in this action—Family Dollar Stores of Florida, LLC—is a citizen of Delaware and Virginia, complete diversity of citizenship exists between the parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

19. In the Complaint, Plaintiffs claim that their damages exceed thirty thousand Dollars ($30,000.00), exclusive of interest and court costs. [Comp. ¶1].

20. Under Fla. Stat. §§ 34.01(1)(c) and 26.012(2)(a), after January 1, 2020, Florida Circuit Courts have original jurisdiction of civil actions not cognizable in the County Courts, to wit, actions in which claimed damages exceed $30,000.00. Thus, Plaintiffs' assertion identifying their damages as exceeding $30,000.00 in value at the outset of their Complaint is purely jurisdictional in nature [Comp. ¶ 1].

21. Notwithstanding, Plaintiffs Florian Wimunc and Lana Wimunc each petition for an award of compensatory damages greater than $30,000.00 in their respective prayers for relief, which appear separately at the respective ends of Count I and Count II of the Complaint [Comp. p. 6 (following ¶ 15); p. 7 (following ¶ 18)]. These separate petitions for relief identify the type of damages sought—"compensatory damages"—as well as their amount—"exceeding $30,000.00" for each Plaintiff, which corresponds to a total amount in excess of sixty thousand Dollars ($60,000.00).

22. From the face of the Complaint, then, claimed damages exceed $60,000.00. Thus, while the amount of damages is not precisely identified, Plaintiffs have defined and excluded the lower limit of their damages range.

23. When damages are not specified with precision in the original State Court Complaint, a defendant seeking removal must prove, by a preponderance of the evidence, that "the amount of controversy more likely than not exceeds . . . the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(citations omitted).

24. However, a removing defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

25. In determining the amount in controversy, this Court should first look to the Complaint. If the amount of damages cannot be precisely ascertained from the face of the operative Complaint, this Court may consider the Notice of Removal, along with all other

5
**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

"evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

26.  In determining whether diversity jurisdiction exists, this Court may also consider pre-suit settlement offers and demands to evaluate whether a case is a proper candidate for removal. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007); *accord Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (concluding that settlement letter which was "not plainly a sham" could be considered in determining that the amount in controversy requirement was met.).

27.  "A settlement offer, by itself, may not be determinative, [but] it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

28.  In addition to considering settlement offers, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" based on the allegations of the parties and any other evidence that has been submitted. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

29.  In particular, this Court may consider trial verdicts or settlements in cases alleging injuries similar to those claimed by Plaintiff Florian Wimunc in the instant case. *See Payne v. J.B. Hunt Transport, Inc.*, 154 F. Supp. 3d 1310, 1314 (Fla. M.D. 2016) (relying on trial verdicts and settlements from cases alleging similar injuries to find that more likely than not, the amount in controversy requirement was met); *see also Mullaney v. Endogastric Solutions, Inc.*, No. 11-62056-civ, 2011 U.S. Dist. LEXIS 120918 (S.D. Fla. Oct. 19, 2011).

30.  This Court need not "suspend reality or shelve common sense in determining whether the face of the [operative] Complaint . . . establishes the jurisdictional amount." As

the Eleventh Circuit has explained, "viewing the facts through the lens of common sense is not star gazing." *Id.* at 770.

31. Furthermore, Plaintiffs cannot attempt to defeat federal jurisdiction by drafting their pleadings in so vague a manner that their operative Complaint—the original Complaint in this action—fails to give Defendant any indication of the value of their claims. Otherwise, plaintiffs skilled in this form of artful pleading could simply make federal jurisdiction disappear. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d at 1064 (11th Cir. 2010).

32. As the Eleventh Circuit has instructed, "[w]hen a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claims is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Id.*

33. Here, examination of the Complaint alone confirms from the outset that the amount in controversy between the parties exceeds $60,000.00.

34. On April 13, 2020, Plaintiff Florian Wimunc made a pre-suit written settlement demand of **$350,000.00** to Family Dollar Stores of Florida, LLC only in relation to the personal injury claim that is the subject of this lawsuit. A copy of this demand letter is attached hereto as **Exhibit F**.

35. With this pre-suit demand letter, Plaintiff enclosed a copy of a radiology report dated July 17, 2019 and attached hereto as **Exhibit G**, prepared by Dr. Paul Hahn to memorialize the findings made on an MRI of the lumbar spine without contrast performed for Plaintiff Florian Wimunc.

7
**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

36. This July 17, 2019 lumbar spine MRI report documents the following findings, all of which are pathological:

- Vertebral Level L2-L3: Moderate [spinal] canal stenosis with lateral recess stenosis, worse on the left side. Possible impingement of the exiting left L2 nerve root.

- Vertebral Level L3-L4: Moderate to severe [spinal] canal stenosis. At least moderate bilateral neural foraminal stenosis abutting both exiting L3 nerve roots. Correlate clinically.

- Vertebral Level L4-L5: Moderate to severe [spinal] canal stenosis. Impingement of the exiting right L4 nerve root. At least moderate left-sided neural foraminal stenosis. Correlate clinically.

- Vertebral Level L5-S1: Moderate [spinal] canal stenosis. Impingement of both exiting L5 nerve root.

Exhibit G, p. 2.

37. On September 6, 2019, Plaintiff Florian Wimunc underwent an epidural steroid injection procedure at the L3-L4 vertebral level, performed by Dr. Rafael Santiago to relieve the symptoms caused by intervertebral lumbar disc disorder with radiculopathy. A copy of the operative note prepared by Dr. Santiago is attached hereto as **Exhibit H**.

38. The April 13, 2020 demand letter reflects that this epidural lumbar steroid injection performed by Dr. Santiago on September 6, 2019 provided minimal relief to Plaintiff Florian Wimunc, who then returned to spinal surgeon Dr. Eric Sincoff—a surgeon who had performed a cervical fusion for him in 2017. According to the demand letter, Dr. Sincoff recommended that Florian Wimunc undergo a L3-S1 laminectomy. *See* Exhibit F, p. 4, bottom.

39. Trial verdicts or settlements in cases alleging lumbar nerve root impingement, which necessitated treatment similar to that received by Plaintiff Florian Wimunc and recommended to him in the instant case have routinely exceeded $75,000.00. Three representative jury verdicts are attached hereto as **Exhibit I**.

40. The cases corresponding to these attached jury verdicts involve substantially similar injuries to those claimed in the instant case, and as such, constitute evidence sufficient to establish the amount in controversy in the instant case. *See* Exhibit I.

41. On July 17, 2020, Plaintiffs filed their Complaint, seeking loss of consortium damages for Plaintiff Lana Wimunc in excess of $30,000.00 *in addition* to the damages already claimed by Plaintiff Florian Wimunc in connection with the alleged trip and fall on March 1, 2019 [Comp.].

42. Based on all of these factors—the compensatory damages allegations made in the Complaint on behalf of both Plaintiffs for an amount exceeding $60,000.00, combined with the April 13, 2020 pre-suit demand letter that estimated Plaintiff Florian Wimunc's personal injury claim to be worth $350,000.00, the findings made for Plaintiff Florian Wimunc on lumbar spine MRI, the epidural steroid injection procedure that he underwent on September 6, 2019, and the recommendation for a multi-vertebral level laminectomy made by spine surgeon Dr. Eric Sincoff to Florian Wimunc after that —the amount in controversy in this case more likely than not exceeds $75,000.00.

## CONCLUSION

Removal is proper, because the above-styled action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1). Defendant has met its burden in establishing, by a preponderance of the evidence, that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000.00. Moreover, venue is proper in the United State District Court for the Middle District of Florida, because Plaintiffs filed their Complaint in the Florida Circuit Court in and for Pasco County, Florida. Finally, Family Dollar Stores of Florida, LLC has timely filed this Notice and has otherwise met all procedural requirements for removal. For all of the foregoing reasons, Family Dollar Stores of Florida, LLC respectfully requests that this Court accept jurisdiction over the above-styled action under 28 U.S.C. § 1332 and conduct all further proceedings in this case.

Dated this 27th Day of August, 2020.

Respectfully submitted,

s/ Elisabeth A Fontugne
DANIEL A. SHAPIRO
Florida Bar No.: 965960
ELISABETH A FONTUGNE
Florida Bar No.: 115954

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of August, 2020, I filed a true and correct copy of the foregoing document with the Clerk of Court. I also certify that a true and accurate copy of the foregoing document has been furnished via e-mail to Counsel of record for Plaintiffs, Mr. Raymond A. Haas, Esq., c/o HD Law Partners, Post Office Box 23567, Tampa, FL 33623, (813) 280-1366 (T), (813) 254-8555 (F), haas@hdlawpartners.com; breneman@hdlawpartners.com.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant Family Dollar Stores of Florida, LLC*
> 4301 West Boy Scout Boulevard
> Suite 400
> Tampa, Florida 33607
> Telephone (813) 864-9393
> Facsimile (813) 286-2900
> Primary e-mail:
>  elisabeth.fontugne@csklegal.com
> Secondary e-mail:
> jacqueline.geraghty@csklegal.com
>
> By:  s/ Elisabeth A Fontugne
> DANIEL A. SHAPIRO
> Florida Bar No.: 965960
> ELISABETH A FONTUGNE
> Florida Bar No.: 115954