```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

FLORIAN WIMUNC,
and LANA WIMUNC,

       Plaintiffs,

v.                                Case No. 8:20-cv-2004-T-33SPF

FAMILY DOLLAR STORES OF
FLORIDA, LLC,

       Defendant.
_____/
```

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiffs Florian and Lana Wimunc originally initiated this slip-and-fall action in state court on July 17, 2020.

(Doc. # 1-1). Thereafter, on August 27, 2020, Defendant Family Dollar Stores of Florida, LLC, removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damages claim. (Doc. # 1-1 at ¶ 1) ("This is an action for damages that exceeds [Thirty Thousand Dollars]."). Instead, in its notice of removal, Family Dollar relied upon a pre-suit demand letter for $350,000 to establish the amount in controversy. (Doc. # 1 at 7).

Upon review of Family Dollar's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Wimunc's damages claim without engaging in heavy speculation." (Doc. # 3). Specifically, the Court concluded that the pre-suit demand letter only provided sufficient factual support for $20,105.85 in past medical expenses and $5,116.00 in lost wages, which falls well below the jurisdictional threshold. (Id.). The Court then gave Family Dollar an opportunity to provide additional information to establish the amount in controversy. (Id.).

Family Dollar has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 5). But Family Dollar still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, Family Dollar reiterates its opinion that the pre-suit demand letter for $350,000 establishes that the amount in controversy exceeds $75,000. (Doc. # 5 at 6). Family Dollar supplements its notice of removal with a copy of Dr. Eric Sincoff's November 2019 progress note, which provides for the *possibility* of "future cervical injections," and a "future surgery of Laminectomy at L3/4, L4/5, and L5/S1." (Doc. # 5-1). Family Dollar argues

3

that this corroborates Florian Wimunc's pre-suit demand for $150,000 in future medical expenses. (Doc. # 5 at 4-5).

First, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)(same).

Although Family Dollar attempts to use Dr. Sincoff's progress notes to support for Florian Wimunc's estimate of future medical expenses (Doc. # 5 at 4-7), the mere possibility of future surgery or injections remains too speculative to support future medical expenses of $150,000. See Favors v. Dolgencorp, LLC, No. 14-cv-60267-KMM, 2014 WL 11775522, at *2 (S.D. Fla. Nov. 3, 2014) ("While Defendant contends that Plaintiff alleges future medical expenses ranging from $114,000 to $154,000, the Court finds these estimates to be too speculative to establish the amount in controversy by a preponderance of the evidence."); Pennington v. Covidien LP, No. 8:19-cv-273-T-33AAS, 2019 WL 479473, at

4

\*1-2 (finding the cost of a $110,000 surgery too speculative as it had not yet been scheduled).

Additionally, Florian Wimunc does not provide sufficient detail about the pain and suffering he has experienced. Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-T-24JSS, 2015 WL 12259228, at \*3-4 (M.D. Fla. Aug. 31, 2015) ("[T]he Court will not engage in speculation regarding the value of [the plaintiff's] pain and suffering damages."). And, Lana Wimunc's loss of consortium claim is equally speculative. See Dussault v. Knickerbocker Props., Inc., No. 2:15-cv-718-FtM-99MRM, 2015 WL 9269878, at \*3 (M.D. Fla. Dec. 21, 2015) (remanding a loss of consortium claim due to its "speculative nature"). Thus, these categories of damages remain too speculative to include in the amount in controversy calculation and do not support that the pre-suit demand letter was more than a mere negotiation tactic. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-T-33JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding case where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were negotiation tactics).

In short, Family Dollar has failed to persuade the Court that the amount in controversy exceeds $75,000. The only

concrete damages in this case fall below $26,000 and insufficient information has been provided about other categories of damages. Thus, Family Dollar has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE